UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14-cr-00088-JAW |
| | ) | |
| JEFFREY PAUL BARNARD | ) | |

**ORDER ON DEFENDANT'S MOTION FOR DISCOVERY**

Based on the government's representation that it understands and will comply with its *Brady*[1] and *Giglio*[2] disclosure obligations, the Court dismisses without prejudice a defendant's pretrial motion for discovery.

**I.   BACKGROUND**

  **A.   Procedural Background**

After a criminal complaint was issued against Jeffrey Paul Barnard on June 19, 2014, a federal grand jury indicted him on July 17, 2014 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Compl.* (ECF No. 1); *Indictment* (ECF No. 12). On February 29, 2016, Mr. Barnard filed a number of motions, including a Motion for Discovery [Brady and Giglio Materials] (ECF No. 158) (*Def.'s Mot.*). The Government responded on March 8, 2016. *Gov't's Resp. to Def.'s Mot. for Disc. [Brady and Giglio Materials]* (ECF No. 173) (*Gov't's Opp'n*). Mr. Barnard has not replied to the Government's response.

  **B.   The Parties' Positions**

    **1.   The Defendant's Motion**

---

[1]   *Brady v. Maryland*, 373 U.S. 83 (1963).
[2]   *Giglio v. United States*, 405 U.S. 150 (1972).

After reviewing the caselaw applicable to the Government's discovery obligations, Mr. Barnard states:

> With respect to each government witness, this Defendant is entitled to receive copies of any inconsistent statements; transcripts from prior trials where the credibility of the particular witness was questioned or impeached; results of lie detector tests; materials showing bias, motive or prejudice; results of psychiatric examinations; confessions; records of participation in the Federal Witness Protection Program; criminal histories in the United States and abroad; records of sentences received and of any reduction(s) of sentences; plea agreements; immigration records; plea transcripts; sentencing transcripts; cooperating agreements; the names and docket numbers of other cases in which the witness testified; immunity agreements and orders; records of government payments to a particular witness; and evidence of crimes where no formal proceedings were instituted as a result of the cooperation of a particular witness.

*Def.'s Mot.* at 2-3. Mr. Barnard says that he is not only entitled to this discovery, but he is entitled to it "in a usable form." *Id.* at 4. Furthermore, Mr. Barnard argues that the Government has an obligation to search out the requested information not only in its files, but also in the files of related agencies. *Id.* Finally, Mr. Barnard stresses that he requests production of the *Brady* and *Giglio* materials immediately. *Id.* at 1, 3-5.

    **2.**    **The Government's Response**

The Government urges the Court to deny Mr. Barnard's motion. *Gov't's Opp'n* at 1. The Government states that the caselaw "dictates that *Brady* establishes no general right of pretrial discovery and gives rise to no pretrial remedies." *Id.* (collecting cases). Furthermore, the Government argues that "[n]either *Brady* nor any other case . . . requires that disclosure under *Brady* must be made before trial." *Id.* (citation omitted). The Government says that "*Brady* 'impeachment' type

2

material as to the government's witnesses, or '*Giglio*' material, is properly disclosed when the witness is called to testify at trial . . . and may be disclosed at the same time as Jencks Act material." *Id.* at 2 (citation omitted). At the same time, the Government represented that it "recognizes and accepts its obligations under *Brady*, and its progeny, and any such disclosures as may be required thereunder will be made in a timely fashion." *Id.* The Government also affirms that it will make such disclosures "timed to avoid any delay at trial" and if there is a question as to whether material is exculpatory, it will seek a ruling from the Court. *Id.* at 2-3.

## II. DISCUSSION

To begin, Federal Rule of Criminal Procedure 16 requires that upon request from a defendant, the Government must provide the defendant with certain information. FED. R. CRIM. P. 16(a). There is no suggestion that the Government failed to comply with its Rule 16(a) discovery obligations in this case. Instead, Mr. Barnard is seeking so-called *Brady* and *Giglio* information. In *Brady v. Maryland*, 373 U.S. 83 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. In *Giglio v. United States*, 405 U.S. 150 (1972), the United States Supreme Court concluded that the jury was entitled to know information about a government witness that would be relevant to the witness's credibility. *Id.* at 154-55. In *United States v. Bagley*, 473 U.S. 667 (1985), the

Supreme Court clarified that the government's disclosure obligations include impeachment evidence. *Id.* at 676.

At the same time, in *Bagley*, the Supreme Court emphasized that a "prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *Id.* at 675 (footnote omitted). Said differently, the government has "a duty to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment." *United States v. Prochilo*, 629 F.3d 264, 268 (1st Cir. 2011) (citing *Brady*, 373 U.S. at 87). "Evidence is 'favorable to the accused' if it is either exculpatory or impeaching in nature and 'material' if there is a reasonable probability that, had it been disclosed, the result of the proceeding would have been different." *Id.* (citing *Strickler v. Greene*, 527 U.S. 263, 280 (1999); *Kyles v. Whitley*, 514 U.S. 419, 435 (1995)).

Furthermore, in *Weatherford v. Bursey*, 429 U.S. 545 (1977), the Supreme Court emphasized that there "is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Id.* at 559; *see also Kaley v. United States*, 134 S. Ct. 1090, 1101 (2014) (citing *Bursey*, 429 U.S. at 559-61). In practical terms, as the First Circuit has written, the "government is primarily responsible for deciding what evidence it must disclose to the defendant under *Brady*. And at least where a defendant has made only a general request for *Brady* material, the government's decision about disclosure is ordinarily final—unless it emerges later that exculpatory evidence was not disclosed." *Prochilo*, 629 F.3d at 268 (citations

omitted). The situation is different if the defendant requested specific materials and the government maintained they are not discoverable; then the Court may perform an in camera review of the disputed materials. *Id.* But this is not the case here. The Court views the discovery requests in this case as general in nature and not generating the need for an in camera review.

The government's disclosure obligations involve not only a substantive, but also a temporal element. *United States v. De La Cruz-Feliciano*, 786 F.3d 78, 87 (1st Cir. 2015) ("*Brady* also applies in cases where the Government delays disclosure of relevant evidence"). The Government has affirmatively represented that it understands its *Brady* and *Giglio* obligations and will comply with its legal duties in a timely manner. *See United States v. Woodward*, 154 F. Supp. 2d 83, 88 (D. Me. 2001) ("The Court is satisfied that the Government understands its duty to disclose any exculpatory evidence in its possession in a manner useful to the Defendants and in time to avoid any delay at trial"), *abrogated on other grounds by Kyllo v. United States*, 533 U.S. 27 (2001). Moreover, the Government must certainly be aware that there may be consequences if it fails to comply with its obligations. *See United States v. Flores-Rivera*, 787 F.3d 1 (1st Cir. 2015) (ordering a new trial based on withheld evidence). The Court concludes that the discovery motion must be dismissed; however, it is doing so without prejudice to the Defendant's later argument that the Government failed to live up to its promises.

III.   **CONCLUSION**

The Court DISMISSES without prejudice Jeffery Paul Barnard's Motion for Discovery [Brady and Giglio Materials] (ECF No. 158).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2016