UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14-cr-00088-JAW |
| | ) | |
| JEFFREY PAUL BARNARD | ) | |

**ORDER ON MOTION IN LIMINE**

The Court declines to rule on a defendant's motion in limine because it is too inchoate to allow the Court to make pretrial evidentiary rulings.

**I.  BACKGROUND**

    **A.  Procedural Background**

After a criminal complaint was issued against Jeffrey Paul Barnard on June 19, 2014, a federal grand jury indicted him on July 17, 2014 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *Compl.* (ECF No. 1); *Indictment* (ECF No. 12).  On February 29, 2016, Mr. Barnard filed a number of motions, including a motion in limine for pretrial evidentiary rulings.  *Mot. in Limine (for Pretrial Evid. Rulings)* (ECF No. 160) (*Def.'s Mot.*).  The Government responded on March 8, 2016.  *Gov't's Resp. to Def.'s Mot. in Limine (for Pretrial Evid. Rulings)* (ECF No. 176) (*Gov't's Opp'n*).  Mr. Barnard has not replied to the Government's response.

    **B.  The Parties' Positions**

        **1.  Jeffrey Paul Barnard's Motion**

In his motion in limine, Mr. Barnard requests that the Court resolve the following evidentiary issues before trial:

(1) The admissibility of any alleged exceptions to the hearsay rule that the Government might seek to introduce at trial;

(2) The admissibility of evidence of prior convictions pursuant to Federal Rule of Evidence 609 to impeach Jeffrey Paul Barnard;

(3) The admissibility of evidence of character and conduct pursuant to Federal Rule of Evidence 608 to impeach Jeffrey Paul Barnard;

(4) The admissibility of any character evidence pursuant to Federal Rule of Evidence 404(a) to impeach Jeffrey Paul Barnard;

(5) The admissibility of evidence of other crimes pursuant to Federal Rule of Evidence 404(b);

(6) The competency of all witnesses that the government intends to call at trial; and

(7) The authentication and admissibility of any documents, photographs, and oral or written statements made by Jeffrey Paul Barnard, or others, that the Government seeks to introduce as evidence during the trial, pursuant to Federal Rule of Criminal Procedure 12(d) and (e), as well as the following forms of evidence: (a) extra-judicial eye-witness identification of Jeffrey Paul Barnard in any form; and (b) all alleged statements made by Jeffrey Paul Barnard to various law enforcement agents involved in this matter.

*Def.'s Mot.* at 1-2. Other than setting forth these bullet points, Mr. Barnard provides no description as to how he anticipates these evidentiary issues could apply to his case.

### 2. The Government's Response

The Government says that the Court should deny or withhold ruling on the motion. *Gov't's Opp'n* at 1. In general, the Government observes that it has not decided what evidence it is going to present at Mr. Barnard's trial, which is scheduled for June 2016, and that the Court should wait for trial to resolve evidentiary issues. *Id.* at 1-2. Regarding the admissibility of prior convictions, the Government indicates that if it is going to seek to introduce evidence of Mr. Barnard's prior convictions, it will file "an appropriate notice of such intentions with the Court prior to the defendant's testimony." *Id.* at 2. Regarding character for truthfulness, the Government states that it does not intend to introduce such evidence during its case-in-chief, but reserves the right to do so if Mr. Barnard offers evidence of his character. *Id.*

## II. DISCUSSION

The Court agrees with the Government that there is an insufficient foundation and context to allow the Court to rule on this motion. Once trial draws nearer, if Mr. Barnard has some detail about the evidentiary issues he anticipates will be presented at the trial, he is free to reinitiate this motion. At the moment, however, the Court does not know what hearsay or exceptions to the hearsay rule may be at issue, what convictions—if any—the Government may seek to introduce, what character evidence

3

the Government could try to introduce, what other crimes may be at issue, what the problem is about the competency of Government witnesses, or what statements Mr. Barnard made to law enforcement that could be admissible at trial. Without context, the motion amounts to a request that the Court agree to apply the rules of evidence to his trial, which the Court fully intends to do. The Court dismisses the motion without prejudice to allow Mr. Barnard to reinitiate it later if he can supply a more specific context.

### III. CONCLUSION

The Court DISMISSES without prejudice Jeffrey Paul Barnard's Motion in Limine for Pretrial Evidentiary Rulings (ECF No. 160).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2016