UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14-cr-00088-JAW |
| | ) | |
| JEFFREY PAUL BARNARD | ) | |

**ORDER ON MOTION TO PRODUCE PERSONNEL FILES**

Based on the government's agreement to review the personnel files of any law enforcement witnesses to determine whether they contain material impeachment evidence, the Court dismisses without prejudice a defendant's motion for the Government to produce the personnel files of law enforcement witnesses.

**I.   BACKGROUND**

   **A.   Procedural Background**

After a criminal complaint was issued against Jeffrey Paul Barnard on June 19, 2014, a federal grand jury indicted him on July 17, 2014 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *Compl.* (ECF No. 1); *Indictment* (ECF No. 12).  On February 29, 2016, Mr. Barnard filed a number of motions, including a Motion for Order [to Produce Personnel Files for all Law Enforcement Personnel] (ECF No. 161) (*Def.'s Mot.*).  The Government responded on March 8, 2016.  *Gov't's Resp. to Def.'s Mot. for Order [to Produce Personnel Files of All Law Enforcement Personnel]* (ECF No. 174) (*Gov't's Opp'n*).  On March 11, 2016, Mr. Barnard replied to the Government's response.  *Def.'s Reply to Gov't Resp. to Mot. for Order [to Produce Personnel Files of All Law Enforcement Personnel]* (ECF No. 179).

### B.     The Parties' Positions

#### 1.     Jeffrey Paul Barnard's Motion

In his motion, Mr. Barnard requests the Court to order the Government to inspect the personnel files of each law enforcement witness whom it intends to call at trial "for evidence of perjurious conduct or other like dishonesty to determine if those portions of the witnesses' personnel files should be made available to Defendant for impeachment purposes." *Def.'s Mot.* at 1. Mr. Barnard says that the Department of Justice issued a *Giglio*[1] policy that requires all United States Attorney's Offices to disclose precisely this type of information upon the defendant's request and once a requisite search reveals its existence. *Id.* at 1-2 (citations omitted). Mr. Barnard asserts that he is "<u>not</u> required to make <u>any</u> initial showing that the requested personnel files contain impeaching material or material evidence at all in order to request their production by the government." *Id.* at 2 (emphasis in original) (citing *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991)). He argues that it is the Government that must "institute the relevant search for potential impeachment information once a request has been made." *Id.* (citing U.S. Attorney's Manual § 9-5.100(1)). At the same time, Mr. Barnard admits that the Government is not required "to produce the entire personnel file of potential law enforcement witnesses merely upon a defendant's request." *Id.* at 3 (quoting *United States v. Pulk*, No. 06-cr-59-P-S, 2007 U.S. Dist. LEXIS 5641, at *2 (D. Me. Jan. 24, 2007)).

#### 2.     The Government's Response

---

[1]     *Giglio v. United States*, 405 U.S. 150 (1972).

In its response, the Government agrees that it has a responsibility "to review the personnel files of agents who may serve as witnesses and . . . [to] disclose any impeachment information regarding criminal investigations." *Gov't's Opp'n* at 2. However, the Government points out that under the law, "following that examination [by the responsible agency], the files need not be furnished to the defendant or the court unless they contain information that is or may be material to the defendant's case." *Id.* at 1 (alteration in original) (quoting *Henthorn*, 931 F.2d at 31). The Government also states that "[n]umerous courts that have addressed a defendant's request for the production of the personnel files of law enforcement personnel have held that where a defendant has failed to demonstrate that the contents of the law enforcement personnel file contained material evidence, the prosecution need not produce the file." *Id.* at 1-2 (collecting cases).

### 3.  Jeffrey Paul Barnard's Reply

In his reply, Mr. Barnard highlights the Government's statement that it need not produce the personnel files of law enforcement witnesses when the defendant has failed "to demonstrate that the contents of the law enforcement personnel file[s] contain material evidence." *Def.'s Reply* at 1 (alteration in original) (quoting *Gov't's Opp'n* at 2). Mr. Barnard says that this is "an erroneous statement of the law." *Id.* He repeats his earlier assertion that he is "not required to make any initial showing that the requested personnel files contain impeaching material or material evidence at all in order to request their production by the government." *Id.* (emphasis in original) (citing *Henthorn*, 931 F.2d at 31).

3

## II.     DISCUSSION

It strikes the Court that, despite appearances to the contrary, the parties agree more than they disagree.  Under *Henthorn*, when a defendant requests the personnel files of a testifying officer, the government must "disclose information favorable to the defense that meets the appropriate standard of materiality . . . .  If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation . . . ." 931 F.2d at 30-31 (quoting *United States v. Cadet*, 727 F.2d 1453, 1467-68 (9th Cir. 1984)). The government's duty is "to examine personnel files upon a defendant's request for their production."  *Id.* at 31 (citing *Cadet*, 727 F.2d at 1467).  As Mr. Barnard said, under *Henthorn*, he bears no burden "to make an initial showing of materiality."  *Id.*  The Court reads the Government's position in this case to agree to conform to the *Henthorn* requirements.

The parties have not cited nor has Court located First Circuit authority on this issue, and it assumes without deciding that the First Circuit would follow *Henthorn*. Whether the First Circuit would do so is by no means clear.  There is a split in circuit authority on whether *Henthorn* is good law in requiring that the government review law enforcement personnel files without a showing of materiality by the defendant. *See United States v. Quinn*, 123 F.3d 1415, 1422 (11th Cir. 1997); *United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir. 1992), *abrogated on other grounds by Hampton v. United States*, 191 F.3d 695 (6th Cir. 1999); *United States v. Navarro*, 737 F.2d 625,

630-32 (7th Cir. 1984); *United States v. Garrison*, No. 14-cr-231-WJM, 2015 U.S. Dist. LEXIS 165059, at *26-27 (D. Colo. Dec. 3, 2015).

The circuit disagreement is not about whether the government is obligated to disclose known *Brady* or *Giglio* material.  It is whether the defendant has a right to compel the government to review the personnel files of law enforcement officers without making a preliminary showing that the files contain material impeachment information.  *Quinn*, 123 F.3d at 1422 ("The *Henthorn* court further held that a defendant need not make an initial showing of materiality; the government's obligation to examine the files arises by virtue of a defendant's demand for their production.  We decline to follow *Henthron*") (citation and footnote omitted).  The Sixth, Seventh and Eleventh Circuits hold "that *Giglio*-based access to a law enforcement officer's personnel file requires a specific showing that the file is likely to contain material evidence."  *Garrison*, 2015 U.S. Dist. LEXIS 165059, at *26-27 (citing *Quinn*, 123 F.3d at 1421-22; *Driscoll*, 970 F.2d at 1482; *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985)).  This Court is not required to attempt to resolve this circuit conflict because the Government in this case has agreed to review law enforcement witness personnel files to make the determination required in *Henthorn*.

In making the point that it need not turn over the personnel files of law enforcement personnel absent the defendant making a showing that the files contained material evidence, the Government was addressing a different issue.  If the defendant argues that the file contains specific impeaching evidence, a court may

5

determine whether it is in fact material. Thus, in *United States v. Pitt*, 717 F.2d 1334 (11th Cir. 1983), the Eleventh Circuit assessed the defendant's assertion that he was entitled to a law enforcement officer's file because, in the defendant's view, the file contained certain impeachment evidence. *Id.* at 1338-39. The Eleventh Circuit concluded that the defendant in that case failed to demonstrate that the contents of the agent's file "would likely contain anything *material*" to the case. *Id.* at 1339 (emphasis in original). As the Court understands it, the Government's point was no more than the proposition that if the defendant asserts that there is specific material impeaching evidence in the law enforcement personnel file, the evidence must in fact be material in order for a court to order its disclosure.

Despite their seeming disagreement, the parties have actually agreed to agree. Mr. Barnard demanded that the Government review the personnel files of its law enforcement witnesses to determine whether there is any *Brady* or *Giglio* material in the files. The Government agreed to do so, and if there is a question of materiality, to turn the file over to the Court for in camera review. "Nothing further is required." *Pulk*, 2007 U.S. Dist. LEXIS 5641, at *3.

## III.   CONCLUSION

The Court DISMISSES without prejudice Defendant's Motion for Order [to Produce Personnel Files for all Law Enforcement Personnel] (ECF No. 161).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2016

6