UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14-cr-00088-JAW |
| | ) | |
| JEFFREY PAUL BARNARD | ) | |

**ORDER ON MOTION FOR ORDER TO PRESERVE
AND PRODUCE ROUGH NOTES**

The Court grants a defendant's motion to preserve rough notes and similar documents in the possession of the government or its agents, but dismisses a motion for production of these documents.

## I.   BACKGROUND

### A.   Procedural Background

After a criminal complaint was issued against Jeffrey Paul Barnard on June 19, 2014, a federal grand jury indicted him on July 17, 2014 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *Compl.* (ECF No. 1); *Indictment* (ECF No. 12).  On February 29, 2016, Mr. Barnard filed a number of motions, including a Motion for Order [to Preserve and Produce Rough Notes] (ECF No. 159) (*Def.'s Mot.*).  The Government responded on March 8, 2016.  *Gov't's Resp. to Def.'s Mot. for Order [to Preserve and Produce Rough Notes]* (ECF No. 175) (*Gov't's Opp'n*).  On March 14, 2016, Mr. Barnard replied to the Government's response.  *Def.'s Reply to Gov't Resp. to Mot. for Order [to Preserve and Produce Rough Notes]* (ECF No. 181).

### B.   The Parties' Positions

### 1.      Jeffrey Paul Barnard's Motion

In his motion, Mr. Barnard moves the Court to order the Government "to preserve **_and produce_** all rough notes made during the course of the investigation in this matter . . . ."  *Def.'s Mot.* at 1 (emphasis in original).  He observes that investigations often produce notes, tape recordings, drafts of reports, and other documents the significance of which—including any *Brady*[1] implications—only becomes apparent later as the case is more fully developed.  *Id.*  Citing caselaw, particularly from the Third Circuit, he states that other circuits require the preservation of rough notes by government agents.  *Id.* at 2.

### 2.      The Government's Response

The Government contends that the Court should deny the motion "as overly broad under *Brady* and Fed. R. Crim. P. 16."  *Gov't's Opp'n* at 1.  At the same time, the Government says that it "does not object to the defendant's request that rough notes in the government's or its agents' possession that have not yet been destroyed be preserved in the event <u>in camera</u> review of such material may be appropriate if an articulated issue is in dispute."  *Id.* (citations omitted).  But the Government objects to Mr. Barnard's request to produce such notes "under Rule 16, the Jencks Act, and Defendant's *Brady* hypothesis."  *Id.* at 1-2 (citations omitted).  The Government urges the Court to deny the motion to produce.  *Id.* at 2.

### 3.      Jeffrey Paul Barnard's Reply

---

[1]      *Brady v. Maryland*, 373 U.S. 83 (1963).

Observing that the Government does not object to preservation but objects to production, Mr. Barnard says that "[t]his contradiction should not [be] accepted by this Court." *Def.'s Reply* at 1.  Further, Mr. Barnard worries that "there exists the possibility that certain rough notes may already have been destroyed." *Id.*.  He asks the Court to "order that those rough notes be preserved to prevent any further destruction from occurring," and he observes that these notes "will then be available for *in camera* review should an issue later arise regarding the testimony of any of those law enforcement officers who are called upon to testify at trial in this matter." *Id.* at 1-2.

## II.   DISCUSSION

The parties agree that the rough notes in the possession of the Government or its agents should be preserved so that they may be produced for an in camera review if appropriate.  *Def.'s Mot.* at 1-2; *Gov't's Opp'n* at 1; *Def.'s Reply* at 1.  The Court agrees.

The Court is not certain whether the parties disagree about whether the Government must turn over all such rough notes.  The Government clearly objects. *Gov't's Opp'n* at 1-2.  In his reply, Mr. Barnard observes that once the notes are preserved, they may be available for in camera review, but he then demands they be produced.  *Def.'s Reply* at 1-2.  Typically, if there is a controversy about rough notes, they are subject to in camera inspection.  *United States v. Sepulveda*, 15 F.3d 1161, 1179 (1st Cir. 1993).  As the First Circuit pointed out in *Sepulveda*, it is not a foregone conclusion that once rough notes are produced for an in camera inspection, a court

will order their production.  *Id.* (discussing potential Jencks Act issues with rough notes); *see also United States v. Neal*, 36 F.3d 1190, 1999 n.7 (1st Cir. 1994) (explaining *Sepulveda*); *United States v. Baker*, No. 3:15-cr-30002-MGM, 2015 U.S. Dist. LEXIS 164384, at *14-15 (D. Mass. Dec. 8, 2015) ("Informal notes of witness interviews that do not meet Jencks Act guidelines are non-discoverable") (citations omitted).  As the rough notes may or may not be subject to production depending on what they say, the Court will not issue a wholesale order requiring their production. To the extent that the motion requests actual production of the rough notes, the Court dismisses, rather than denies, the motion to make it clear that Mr. Barnard is not precluded from moving for the production of rough notes in the future, if he wishes to do so based on a more specific context.

## III.   CONCLUSION

The Court GRANTS in part and DISMISSES in part Defendant's Motion for Order [to Preserve and Produce Rough Notes] (ECF No. 159).  The Court GRANTS the motion insofar as it requests that the Government preserve any rough notes and similar documents in the possession of the Government or its agents; the Court DISMISSES the motion insofar as it requests that the Government produce any such notes or similar documents.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2016

4