UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14-cr-00088-JAW |
| | ) | |
| JEFFREY PAUL BARNARD | ) | |

**ORDER STRIKING NOTICE OF INSANITY DEFENSE AND
DENYING MOTION FOR PSYCHIATRIC EXAM**

The week before his trial is set to begin, Jeffrey Paul Barnard—a Defendant who is proceeding pro se—issued a Notice of Insanity under Rule 12.2 and made a demand for a psychiatric evaluation. The Court concludes that the motion is untimely, and that Mr. Barnard has not offered any explanation for its tardiness. Absent any indication of good cause for a late notice, the Court views Mr. Barnard's motion as another attempt to delay the trial scheduled to begin June 7, 2016. The Court denies the motion.

**I.     BACKGROUND**

After a criminal complaint was issued against Jeffrey Paul Barnard on June 19, 2014, a federal grand jury indicted him on July 17, 2014 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Compl.* (ECF No. 1); *Indictment* (ECF No. 12) (*Indictment*). The incidents that resulted in the indictment took place on May 31 and June 1, 2014. *Indictment.*

With the exception of a case involving a Canadian citizen who fought extradition to the United States, Mr. Barnard's case is the oldest criminal case on the

court docket that has not been resolved by guilty plea or trial. In the course of the pretrial proceedings, the Court has granted motions to withdraw by four of the District of Maine's most able criminal defense attorneys. *Speedy Trial Order* (ECF No. 44); *Oral Order Granting Mot. to Withdraw* (ECF Nos. 34, 125, 200). It has also granted eight motions to continue trial. *Speedy Trial Order* (ECF Nos. 65, 70, 77, 111, 119, 128, 146, 167).

On March 1, 2016, the Court set the case for trial beginning June 7, 2016. *Speedy Trial Order* (ECF No. 167). On May 31, 2016, Mr. Barnard filed a notice of insanity and motion for psychiatric exam. *Notice of Insanity under Rule 12.2(a) F.C.C.R., Mental Examination Notice of Intent* (ECF No. 221) (*Def.'s Mot.*); *Mot. for Psychiatric Exam* (ECF No. 222). On June 1, 2016, the Government opposed Mr. Barnard's motion. *Gov't's Obj. to the Def.'s Notice of Insanity Defense and Req. for Psychiatric Evaluation* (ECF No. 223) (*Gov't's Opp'n*).

## II. THE PRESENT MOTION

### A. Jeffrey Paul Barnard's Motion

Mr. Barnard moves for the Court "to order defendant to under[]go examination in accordance to 18 U.S.C. § 4242, to allow defendant to be examined, to determine the existence of insanity and[/]or defect at the time of the instant charge . . . ." *Def.'s Mot.* at 1. Mr. Barnard enclosed with the motion, inter alia, a letter to the Court in which he announces his intention to move for a pretrial conference "to discuss all the mitigating factors in my case" and in which he reiterates his desire to continue trial.

*Id.* Attach. 1 *Letter from Jeffrey P. Barnard to the Court (May 26, 2016)* at 1 (ECF No. 211) (*May 26 Letter*).

      **B.    The Government's Response**

The Government argues Mr. Barnard's motion is untimely, as Rule 12.2(a) of the Federal Rules of Criminal Procedure requires a defendant intending to assert an insanity defense to provide notice before the pretrial motion deadline, which it says was February 29, 2016. *Gov't's Opp'n* at 1-2. It cites *United States v. Cartagena-Carrasquillo*, 70 F.3d 706, 710 (1st Cir. 1995) for the proposition that "[c]ourts are well within their discretion in denying a defendant's belated request to pursue an insanity defense." *Id.* at 2. According to the Government, Mr. Barnard's pro se status does not provide good cause for his late notice. *Id.* (citing *United States v. Dubrule*, Nos. 14–6290, 14–6376, 2016 WL 2610255, at *13 (6th Cir. May 6, 2016)). Finally, it writes that "[t]he Court warned the defendant that this case would reach its end at the June 7, 2016, trial setting. The defendant's attempt to disregard the warning should be denied." *Id.* at 3.

**III.    DISCUSSION**

      Rule 12.2(a) provides:

> Notice of an Insanity Defense. A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. A defendant who fails to do so cannot rely on an insanity defense. The court may, for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders.

FED. R. CRIM. P. 12.2(a).

Here, the Court extended the pretrial motion deadline until February 28, 2016 (February 29, since February 28 was a Sunday).  *Speedy Trial Order* at 1-2 (ECF No. 146).  Under Rule 12.2(a), the time period for asserting an insanity defense lapsed on February 29, 2016, and in order to be allowed to assert an insanity defense after that date, the Court must find that there was "good cause" for Mr. Barnard's failure to make a timely filing.

Before directly addressing the good cause standard, the Court observes that Mr. Barnard—at that time represented by counsel—obeyed the pretrial motion deadline in other matters.  He filed six motions on the true deadline of February 29, and the Court issued expedited rulings on these motions from April 1 to April 8, 2016 to make certain that Mr. Barnard could prepare for trial.  *Orders on Mot. for Hr'g and for Oral Argument and on Mot. for Leave to File Suppl. Pre-Trial Mots.* (ECF No. 183) (*Order on Suppl. Pre-Trial Mots.*); *Order on Def.'s Mot. for Disc.* (ECF No. 184); *Order on Mot. in Limine* (ECF No. 185); *Order on Mot. to Produce Personnel Files* (ECF No. 186); *Order on Mot. for Order to Preserve and Produce Rough Notes* (ECF No. 187); *Order Denying Mot. to Suppress and Req. for* Franks *Hr'g* (ECF No. 188).

Mr. Barnard makes no argument that he was unaware of the February 29, 2016 deadline.  To the contrary, the record reflects that Mr. Barnard has been well aware of the February 29 deadline for pretrial motions, as evidenced by the fact that one of the motions he filed on that day "request[ed] that this Court allow him to file supplemental Pre-Trial Motions upon receipt of additional discovery from the government." *Mot. for Leave to File [Suppl. Pre-Trial Mots.]* at 1 (ECF No. 163).  The

4

Court dismissed the motion without prejudice, writing that "if the Defendant files a late motion, the Court will require the Defendant to explain why the motion is late; if the explanation is satisfactory, the Court will allow the motion." *Order on Suppl. Pre-Trial Mots.* at 3.

Having now filed a late motion, Mr. Barnard does not assert that it is based upon additional discovery that has been turned over by the Government, nor does he offer any other explanation for its tardiness. He does attach a letter informing the Court of a forthcoming motion for pretrial conference and to continue trial; he says the motion will be filed soon and has been delayed on account of an illness and complications from a recent surgery. *May 26 Letter* at 1. Still, this does not address the present motion's tardiness. The Court thus decides that Mr. Barnard filed the motion for psychiatric evaluation well after the pretrial motion deadline and on the eve of trial without an explanation as required by the earlier order and by the rule.

A review of the record in this case fails to reveal any basis for claiming that Mr. Barnard has good cause for his untimely motion. In determining whether good cause exists, the Second Circuit has written that "'[c]ause' consists not only of explanation for belatedness of the party's action, but also of a showing of some merit in the position belatedly to be advanced." *United States v. Duggan*, 743 F.2d 59, 81-82 (2d Cir. 1984), *superseded by statute on other grounds, United States v. Abu-Jihaad*, 630 F.3d 102, 119-20 (2d Cir. 2010). Again, the Court emphasizes that Mr. Barnard has not explained why he waited until the week before trial to issue a notice of insanity.

5

The Court finds significance in the fact that Mr. Barnard's present motion came after the Court issued an order on May 13, 2016 denying his motion to continue the trial scheduled to commence June 7, 2016 on the following grounds:

> (1) the length of time this case has been pending; (2) the fact that Mr. Barnard has been closely involved with his four attorneys in his own defense; (3) the fact that he now has over three weeks to prepare his defense; (4) the fact that he is uniquely advantaged because, unlike either of the Government attorneys, according to the indictment and the prior motions, Mr. Barnard was actually present during and participated in the events that led to his indictment so Mr. Barnard has a personal familiarity with the facts underlying the case beyond what any attorney could have; (5) the underlying facts are not complex, having taking place over the span of two days; (6) the charge of being a felon in possession of a firearm is not complex, consisting of three elements; and (7) Mr. Barnard is not a stranger to the criminal justice system, having participated in one earlier criminal trial in this Court and a number of revocation hearings.

*Order on Mot. to Continue, for Conference, and for Copies* (ECF No. 207) at 6-7. Coming in the wake of the denial of his motion to continue, there is an obvious concern that the motion for psychiatric evaluation is merely a means to the same end: delaying trial. This concern is heightened by the fact that this case arises from events that allegedly occurred two years ago, yet Mr. Barnard waited until the week before trial to file a notice of insanity. As the Third Circuit has written, "[t]he dilatory character of the pursuit of the defense is a factor to consider when analyzing whether cause exists . . . ." *Gov't of the Virgin Islands v. Knight*, 989 F.2d 619, 628 (3d Cir. 1993) (citing *Duggan*, 743 F.2d at 81-82). Moreover, Mr. Barnard's appearances before the Court through the years have left the impression of a man of competence and intelligence. Taken together, these considerations militate against a finding of good cause for the late filing. *See Knight*, 989 F.2d at 629 (holding that "[t]he

6

continuous dilatory tactics of the defense and the public's interest in the speedy disposition of a trial that had been pending for almost a year amply support the district court's finding that no cause existed to justify [defendant's] belated filing [of notice of insanity]").

Finally, were the Court to grant Mr. Barnard's motion for psychiatric evaluation, it would likely prove an effective means of substantially delaying the trial. *See, e.g.*, CHARLES A. WRIGHT & ANDREW D. LEIPOLD, FEDERAL PRACTICE AND PROCEDURE § 206 (4th ed. 2008) (indicating that the process may require the defendant to be committed to a suitable facility for up to 45 days initially, with the possibility of a 30 day extension for good cause shown). In the Court's experience, the psychiatric evaluation process can take several months and may require Mr. Barnard's physical transfer to an out-of-state facility, often FMC Devens in Ayer, Massachusetts. *See* 18 U.S.C. § 4242(a); *id.* § 4247(b), (c).

## IV.  CONCLUSION

In sum, the Court refuses to further put off a trial that has already been too long delayed. The Court STRIKES Mr. Barnard's Notice of Insanity (ECF No. 221) and DENIES his Motion for Psychiatric Exam (ECF No. 222).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2016