UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14-cr-00088-JAW |
| | ) | |
| JEFFREY PAUL BARNARD | ) | |

**ORDER ON MOTION TO SEAL**

Jeffrey Paul Barnard is scheduled to be sentenced on January 4, 2017. In anticipation of his sentencing hearing, Mr. Barnard filed two sentencing memoranda. *Mem. of Law in Aid of Sentencing and Resp. and Opp'n to Gov't's Mem. in Aid of Sentencing; Mot. for Upward Departure; and Req. for Variant Sentence* (ECF No. 258); *Mot. for a Variant Sentence* (ECF No. 260). Mr. Barnard filed the first memorandum without a motion to seal; he filed the second one under seal because the second memorandum addresses his psychological condition and personal background. *Unopposed Mot. to File Under Seal Def.'s Mot. for Variant Sentence* (ECF No. 259). According to the motion to seal, the Government does not object to the second memorandum remaining under seal. *Id.* at 2. The Court placed the second memorandum under seal at least temporarily.

In 2013, the First Circuit issued *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013) in which it discussed the circumstances under which information that a defendant (or the Government) urges a sentencing court to consider in reaching its sentencing decision may be placed under seal. The *Kravetz* Court made two observations about medical or psychological records. First, the First Circuit

acknowledged that some of the sentencing letters described the defendant's "difficult upbringing and serious medical condition." *Id.* at 57. The First Circuit cited two cases, *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) and *United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006) in which courts concluded that medical records and a psychiatric report were subject to public access. *Kravetz*, 706 F.3d at 58.

At the same time, the *Kravetz* Court also recognized that medical information is "universally presumed to be private, not public." *Id.* at 63 (*In re Boston Herald*, 321 F.3d 174, 190 (1st Cir. 2003)). Even so, the First Circuit pointed out that "[t]he privacy interest in medical information is 'neither fundamental nor absolute," *id.* (*Sattar*, 471 F. Supp. 2d at 387), and that it "can be waived or otherwise overcome by a variety of means." *Id.* The First Circuit distinguished between medical or psychological information that is "peripheral" and would only serve to "gratify private spite or promote public scandal" and information that is "necessary to the public's appreciation of the sentence imposed." *Id.* at 63.

Here, Mr. Barnard appears to be leaning heavily on his psychological condition as a primary basis for his argument for leniency. Furthermore, Mr. Barnard's crime was the type of crime that could generate public interest and concern because it involved what the Government says was a stand-off between Mr. Barnard and law enforcement. In light of these factors, the Court is concerned that the wholesale sealing of Mr. Barnard's psychological condition arguments would prevent the public from understanding why the Court imposed a more lenient sentence or alternatively

why the Court rejected those arguments in favor of a harsher sentence. A public sentencing is not a private matter. If Mr. Barnard is going to press the Court to reduce his sentence based on his psychological issues, the Court's overriding view is that the public has a right to know why the Court imposed the sentence that it did.

Accordingly, the Court will defer final ruling on the Defendant's motion to seal in order to allow the Defendant to reevaluate what portions, if any, must be sealed in light of *Kravetz* and to allow the Government to explain why it acquiesced in the Defendant's request that matters essential to sentencing be hidden from the public. The Court ORDERS the Government and the Defendant to file memoranda within seven days of the date of this Order as to their respective positions in light of *Kravtez*.

SO ORDERED.

> /s/ John A. Woodcock, Jr.
> JOHN A. WOODCOCK, JR.
> UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2016